UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNEDY MARR OFFSHORE (SINGAPORE) PTE, LTD | * * * | CIVIL ACTION NO.: |
| VERSUS | * * | JUDGE: |
| TECHCRANE INTERNATIONAL, INC. | * * * * | MAG: |

*********************************************

## COMPLAINT

THE COMPLAINT OF KENNEDY MARR OFFSHORE (SINGAPORE) PTE LTD. ("KM"), a Corporation organized under the laws of Singapore and having engaged in business in the Parish of St. Tammany, State of Louisiana, respectfully represents that:

1. Made defendant herein is Techcrane International, Inc. ("Techcrane"), a Louisiana Corporation with its domicile and principal place of business being the Parish of St. Tammany, State of Louisiana.

2. Jurisdiction is proper before this Honorable Court based on diversity of citizenship as the parties are diverse, KM being a Singapore company and Defendant Techcrane being a Louisiana Corporation and the amount in excess exceeds $75,000.00.

3. Venue is proper before this Honorable Court as Techcrane is domiciled in the Parish of St. Tammany, being in the Eastern District.

1

## FACTUAL BACKGROUND

4. KM is in the business of being a ship broker specializing in the markets for new building, sale and charter of offshore industry vessels and equipment.

5. KM entered into a marketing agreement dated April 25, 2007 with the Levingston Corporation ("Levingston") to undertake marketing activity for Levingston and its alliance partners, which included Techcrane.

6. Solely through the efforts of KM, an introduction was made to Singapore companies Ezion Holdings, Ltd., and their associated company Ezra Holdings, Ltd. (together, the "Buyers") and negotiations took place resulting in the purchase by the Buyers of certain items of equipment supplied and sold by Techcrane.

7. Prior to the introduction of the Buyers to Levingston/Techcrane by KM, these entities had no business relationship whatsoever and had never entered into any contracts with each other.

8. But for the efforts of KM, no introduction would have been made of the Buyers to Levingston/Techcrane.

9. Part of the contract was for Techcrane to manufacture or otherwise supply and sell to the Buyers equipment for the two liftboats identified by their shipyard hull numbers 705 and 706.

10. Liftboats service existing offshore infrastructure in shallow water. Self-propelled and self-elevating, the liftboats are designed to be ultra-versatile vessels which get essential maintenance and servicing work done quickly.

11. The agreement between the Buyers and Techcrane was for the Buyers to purchase two sets of equipment in order to construct liftboats 705 and 706.

12. The purchase price for the equipment for liftboats 705 and 706 was SIXTEEN MILLION SIX HUNDRED FORTY-FIVE THOUSAND SIX HUNDRED TWENTY-SIX ($16,645.626) DOLLARS.

13. The Buyers and Techcrane agreed to this price.

14. An agreement was reached between Levingston and Techcrane that for liftboats 705 and 706 Techcrane would be the party to pay to KM a commission of two and one-half (2.5%) percent on this purchase price.

15. This commission is due from Techcrane and all parties to this transaction were fully aware of this agreement and that Techcrane owed this commission.

16. The Buyers made the full payment to Techcrane and as of July 12, 2011, the entirety of the amount of $16,645,626.00 has been paid.

17. As of the above date the full commission of 2.5% being $416,140.00 is due and payable.

18. The commission became due when the full payment was received by Techcrane. KM was required to do no other work or perform any other services to be entitled to this commission.

19. Techcrane has acknowledged and admitted that the commission is due and has agreed to pay the amount due, however despite such assurances payment has not been made.

20. July 12, 2011, being the date upon which the commission was due, the agreement to pay the commission owed to KM is in default as of that date (the "Default Date").

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

21. KM reiterates and re-avers Paragraphs 1 through 20 as if written in full herein.

22. KM and Techcrane entered into a binding and lawful contract under Louisiana law.

23. Buyers and Techcrane negotiated and ultimately agreed to a purchase price for the items to be manufactured and sold by Techcrane to Buyers to which KM is entitled to compensation. This resulted in lawful offer and acceptance creating contractual consent.

24. Techcrane had the reason of entering into the contract to sell the equipment so as to receive income and presumably profit by the transaction. KM had the reason of entering into the contract so as to earn a commission. As such, valid cause exists.

25. All parties, including Levingston, had full and lawful authority to enter into all agreements. As such, contractual capacity exists. Further, contractual capacity is presumed and the burden is on Techcrane to disprove such capacity.

26. This contract being sued upon is not illegal or against public policy.

27. The contract for compensation due to KM being sued upon is oral.

28. Oral contracts in excess of FIVE HUNDRED ($500.00) DOLLARS are valid upon proof or at least one witness and other corroborating evidence.

29. Corroborating evidence shall include but is not limited to e-mail communication between KM and Techcrane whereby Techcrane admits owing the sums and testimony from Levingston.

30. Pursuant to this breach of contract, KM is entitled to the full amount of the commission ($416,140.00) interest from the Default Date and all costs of these proceedings.

## SECOND CAUSE OF ACTION – DETRIMENTAL RELIANCE

31. KM reiterates and re-avers Paragraphs 1 through 20 as if written in full herein.

32. KM has at all times acted in good faith relating to the contract between Techcrane and the Buyers.

33. KM undertook these efforts and continued throughout with its services solely based on its assuming that Techcrane would pay its commission.

34. KM earns its compensation through commission.

35. Techcrane made repeated assurances that it would pay the commission and KM reasonably relied on these representations.

36. A cause of action for detrimental reliance is stated if the defendant has made a representation upon which the plaintiff reasonably relied and the plaintiff changed its position to its detriment in reliance upon such representation.

37. Techcrane made specific representation that KM would be paid this commission and KM reasonably relied on this representation. Further, had KM been aware that no commission would have been paid KM would have changed its position and not made the initial introduction.

38. The damages to which KM is entitled would be for the quantum merit of the services performed which it alleges to be the amount of commission due plus interest from the Default Date and all costs of these proceedings.

## THIRD CAUSE OF ACTION – PROCURING CAUSE

39. KM reiterates and re-avers Paragraphs 1 through 20 as if written in full herein.

40. KM is the sole entity responsible for their introduction and without KM's efforts no contract would have been reached for the transaction involving the Liftboat Hulls 705 and 706.

41. KM is the procuring cause of having that agreement reached as operating in the role of broker it set in motion a series of events which without break in their continuity resulted in an ultimate agreement between Techcrane and the Buyers.

42. This procuring cause created a contract between KM and Techcrane.

43. The damages to which KM is entitled would be for the quantum merit of the services performed which it alleges to be the amount of commission due plus interest from the Default Date and all costs of these proceedings.

44. All services performed were on open account and pursuant to LSA-R.S. 9:2781A the filing and service of this complaint are sufficient for statutory demand.

**WHEREFORE**, after due proceedings had, Kennedy Marr Offshore (Singapore) PTE, Ltd., prays that there be judgment rendered in its favor and against Techcrane International, Inc., for the sum of FOUR HUNDRED SIXTEEN THOUSAND ONE HUNDRED FORTY ($416,140.00) DOLLARS plus interest from the Default Date of July 12, 2011 plus all costs of these proceedings. In the alternative, Kennedy Marr Offshore (Singapore) PTE, Ltd., prays for quantum merit damages for the value of its services performed plus interest from the Default Date of July 12, 2011 plus attorneys' fees and all costs of these proceedings.

Respectfully submitted,

TAGGART MORTON, L.L.C.

*/s/ Barry H. Grodsky*

BARRY H. GRODSKY, Bar Roll No. 1388
LARRY E. DEMMONS, Bar Roll No. 24376
2100 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2100
Telephone: (504)-599-8500
Telecopier: (504)-599-8501

**COUNSEL FOR KENNEDY MARR OFFSHORE (SINGAPORE) PTE, LTD.**