UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


KENNEDY MARR OFFSHORE SINGAPORE                    CIVIL ACTION
PTE LTD.

VERSUS                                                               No. 12-1985

TECHCRANE INTERNATIONAL INC.                              SECTION I


ORDER AND REASONS

Before the Court is a motion[1] by defendant, Techcrane International LLC, formerly

known as Techcrane International, Inc. ("Techcrane"), for reconsideration of the judgment[2] and

the order and reasons[3] of June 27, 2013, as amended[4] on July 10, 2013. Plaintiff, Kennedy Marr

Offshore (Singapore) PTE, Ltd. ("Kennedy Marr"), filed a memorandum in opposition,[5] to which

Techcrane filed a reply[6] with leave of the Court. For the following reasons, the motion is

**DENIED**.

BACKGROUND

This dispute arises out of an agreement between Techcrane and Levingston Corporation

("Levingston") dated February 6, 2008, in which Techcrane agreed to assume Levingston's

obligation to pay Kennedy Marr a commission for finding buyers for two liftboats.[7] Techcrane

understood that it was to pay Kennedy Marr a commission of 2.5% of the equipment it sold to

---

[1] R. Doc. No. 55.
[2] R. Doc. No. 50.
[3] R. Doc. No. 49.
[4] R. Doc. No. 54.
[5] R. Doc. No. 56.
[6] R. Doc. No. 59.
[7] *See* R. Doc. No. 49, at 3-4.

the buyers.[8] On June 27, 2013, this Court ruled on Kennedy Marr's motions[9] for summary judgment, found that Techcrane was liable to Kennedy Marr under the agreement in the amount of $416,140 plus costs and legal interest, and it entered judgment to that effect.[10]

On July 5, 2013, Kennedy Marr filed a motion[11] for relief from judgment (that is, the June 27 judgment) to address what it characterized as "a clerical mistake or a mistake arising from oversight or omission"[12] by adding language to "state that it is rendered against 'Techcrane International, Inc., also known as Techcrane International, LLC.'"[13] The amendment was requested because Techcrane converted its business structure from a corporation to an LLC in December of 2009,[14] but it allegedly did not alert Kennedy Marr to this fact until the deposition of Techcrane's representative on March 20, 2013, over seven months into the litigation.[15] The requested amendment did not purport to change the substance of the judgment, but merely sought to clarify that it was rendered against Techcrane in its present corporate form.[16]

---

[8] *Id.* at 4.

[9] R. Doc. Nos. 23, 24.

[10] R. Doc. No. 50.

[11] R. Doc. No. 52.

[12] *Id.* at 1-2. This language is taken verbatim from Rule 60(a) of the Federal Rules of Civil Procedure.

[13] *Id.* at 2.

[14] R. Doc. Nos. 52-1, at 2; 52-5.

[15] R. Doc. Nos. 52-1, at 2; 52-6. Furthermore, the Court has never received a motion to correct the apparent error, and Techcrane has referred to itself as "Techcrane International, Inc." throughout this litigation, including in its answer, see R. Doc. No. 5, in its description of its representative in its witness list, see R. Doc. No. 22, and even in its statement of no opposition to the Rule 60(a) motion, see R. Doc. No. 53.

[16] *See* R. Doc. No. 52-1. Kennedy Marr sought this clarification to ensure that post-judgment collection activity would proceed smoothly and to eliminate any confusion in the mortgage records if a judicial lien becomes necessary. *See id.* at 2. As Kennedy Marr correctly observed, "Although there is only one Defendant listed as a party [to the action] (Techcrane International, Inc.) that party is not identified in the body of the judgment." *Id.* at 1.

Techcrane filed a statement of no opposition[17] to the motion, and the motion was granted on July 10, 2013.[18]

On August 7, 2013, Techcrane filed the instant motion asking the Court to "reconsider and vacate its summary-judgment ruling (R. Doc. 50, as amended R. Doc. 54)" pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, alleging that the ruling was manifestly erroneous.[19] As characterized by Techcrane, "The reasons offered in support of the Judgment contain the following conclusions: (1) Techcrane waived its right to assert fraud and error as affirmative defenses by omitting those defenses from its answer; and (2) Techcrane has no evidence to support a defense of fraud."[20] Techcrane asserts that its affirmative defense of error was not waived, despite the fact that it was not properly pled, because of an equitable exception to the pleading requirements of the Federal Rules of Civil Procedure,[21] and it further asserts that it "produced sufficient evidence to satisfy Louisiana law."[22]

Kennedy Marr argues that Techcrane's motion is untimely pursuant to Rule 59(e),[23] which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." According to Kennedy Marr, the Court must instead consider Techcrane's motion under Rule 60(b), which "has no application where, like Techcrane, a litigant simply believes the court erred."[24] In the alternative, Kennedy Marr argues that Techcrane's motion should fail even under the Rule 59(e) standard.

---

[17] R. Doc. No. 53.
[18] R. Doc. No. 54.
[19] R. Doc. No. 55, at 1.
[20] R. Doc. No. 55-1, at 6.
[21] *Id.* at 7-9.
[22] *Id.* at 9.
[23] R. Doc. No. 56, at 1-4.
[24] *Id.* at 4.

3

**STANDARD OF LAW**

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). A motion for reconsideration filed within twenty-eight days of the judgment will be recharacterized as a motion to alter or amend the judgment and will be construed pursuant to Rule 59(e). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004).[25] A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *Id.* A Rule 59(e) analysis is more generous to the party seeking relief as it saves the motion from the "exacting substantive requirements" of Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

The Court filed its order and reasons and the accompanying judgment on June 27, 2013.[26] As requested in Kennedy Marr's unopposed motion pursuant to Rule 60(a), on July 10, 2013, the Court ordered that the judgment be amended "to reflect that it is rendered against 'Techcrane International, Inc., also known as Techcrane International, LLC.'"[27] Techcrane filed the instant motion on August 7, 2013, exactly 28 days after the order amending the judgment, but 41 days after the original judgment's entry. Accordingly, in order to determine the proper standard to apply to the instant motion, the Court must determine whether the Rule 60(a) amendment tolled the 28-day time limitation for a subsequent Rule 59(e) motion.

---

[25] The ten-day time limit referred to in *Shepherd* was extended to twenty-eight days when the Federal Rules of Civil Procedure were amended in 2009. *See* Fed. R. Civ. Proc. 59(e).

[26] R. Doc. Nos. 49, 50.

[27] R. Doc. No. 54.

4

## ANALYSIS

### I.       Nature of the Motion

Techcrane asserts: "The instant Motion has been filed within twenty-eight days of the Court's amended Judgment. Thus, the request for reconsideration is governed by Federal Rule of Civil Procedure 59(e)."[28] However, as Kennedy Marr correctly observes: "[T]he order amending the judgment didn't make any substantive changes, and only corrected a clerical error under Rule 60(a) by reciting Techcrane's changed business form. The grounds for Techcrane's current motion were not supplied by this amendment, and instead existed at the moment the Court entered the original Judgment."[29]

In its reply memorandum, Techcrane argues that *New York Life Insurance Co. v. Deshotel*, 946 F. Supp. 454 (E.D. La. Nov. 21, 1996) (Vance, J.), *aff'd* 142 F.3d 873 (5th Cir. 1998),[30] shows that its motion was timely under Rule 59(e).[31] *Deshotel* was an interpleader

---

[28] R. Doc. No. 55-1, at 6. Techcrane also argues that the amended judgment could not have been made pursuant to Rule 60(a) because "the misidentification is so glaring that the judgment creditor is precluded from obtaining a valid judicial mortgage (and otherwise proceeding with enforcement) against the judgment debtor." R. Doc. No. 57-1, at 4. Techcrane seizes on the use of the word "misidentification" in *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir. 1986) (quoting *Dura-Wood Treating Co. v. Century Forest Indus.*, 694 F.2d 112, 114 (5th Cir. 1982)).

      The term "misidentification" is not applicable here. The original judgment stated that it was rendered "in favor of plaintiff," and Techcrane is the only defendant in the case. R. Doc. No. 50. There is no other person or entity against whom the judgment could have been rendered, and the omission of Techcrane's complete and legal name, though potentially important for title records if a judicial lien is sought, had absolutely no effect on the substance of the judgment or the rights of the parties. The inadvertent omission of Techcrane's name is precisely the kind of clerical mistake that Rule 60(a) allows the Court to correct. Furthermore, Techcrane filed a statement of no opposition to Kennedy Marr's Rule 60(a) motion. R. Doc. No. 52.

[29] R. Doc. No. 56, at 2.

[30] The Court notes that the Fifth Circuit opinion does not address Rule 59, Rule 60, or any other issues that are relevant to this opinion. *See Deshotel*, 143 F.3d 873.

[31] R. Doc. No. 57-1, at 5. Techcrane also cites *Shawl v. Flowers*, No. 02-1419, 2003 WL 1824832, at *1 n.1 (E.D. La. Apr. 7, 2003) (Berrigan, J.), which cites and follows *Deshotel* but otherwise contributes no additional insight into the matters at issue in this opinion.

action in which the insurance company had received two competing claims for life insurance proceeds. *Id.* at 456-57. One of the claimants, Ms. Deshotel, obtained a judgment on May 21, 1996. *Id.* at 457. "As a result of a clerical mistake, the May 21, 1996 judgment did not include a permanent injunction against the defendants." *Id.* at 457-58. "On June 25, 1996, [the *Deshotel* court] entered an amended judgment *sua sponte* pursuant to Federal Rule of Civil Procedure 60(a) . . . ." *Id.* at 458. The other claimant, Mrs. Smith, then filed a motion to alter or amend the amended judgment on July 1, 1996, objecting to the permanent injunction. *Id.*

One question before the court was whether the timeliness of the motion to amend was properly measured from the date of the original judgment or the date of the amended judgment. *Id.* at 458-59. The insurance company argued that the motion was untimely because more than ten days[32] had elapsed since the May 21, 1996 judgment. *Id.* at 458. Mrs. Smith argued that her motion was timely under Rule 59(e) because it was filed within ten days of the Rule 60(a) amended order. *See id.* at 458-59.

U.S. District Judge Vance concluded that "Rule 59(e) applies to both motions to amend an original judgment and to motions to amend an amended judgment [because] to hold otherwise would make 'an amended judgment . . . invincible from question by anything other than a motion under Federal Rule of Civil Procedure 60 or an appeal.'" *Id.* at 459 (quoting *Munden v. Ultra-Alaska Assocs.*, 849 F.2d 383, 386 (9th Cir. 1988)). Judge Vance continued:

> This point is particularly pertinent here because Mrs. Smith has moved to amend the part of the Court's judgment that was added by the Court sua sponte on June 25, 1996. As plaintiff rightfully points out, it would simply make no sense to start counting the ten-day period from the May 21, 1996 date when *the language at issue did not even appear in the Court's judgment until the Court amended it* on June 25.

---

[32] When *Deshotel* was decided, the time period in which a Rule 59(e) motion had to be filed was ten days. It has since been changed to 28 days. Fed. R. Civ. P. 59(e).

*Id.* (emphasis added). The court rejected the insurance company's argument that "[c]orrections under Rule 60(a) do not affect the underlying judgment" and therefore the ten day period should be counted from the day of the original judgment. *Id.* The court found that the company's cited cases did not address Rule 59(e) motions "to amend an already amended judgment" and that the insurance company's "argument would lead to the conclusion that Mrs. Smith would have no opportunity under any circumstance to move to amend the Court's amended judgment." *Id.*

The Court finds that *Deshotel* is distinguishable from this case. Techcrane correctly asserts, and *Deshotel* acknowledges, that a Rule 59(e) motion can apply to an amended judgment as well as an original judgment.[33] However, it was central to *Deshotel*'s reasoning that "the language at issue did not even appear in the Court's judgment until the Court amended it." *Id.* Because the language granting an injunction against Mrs. Smith did not appear in the original judgment, she could not possibly have filed a motion to alter or amend the judgment until it was amended to include the injunction. *Id.* The Rule 59(e) ten-day period began to run when the challenged language appeared in the judgment. *See id.*

Conversely, the language of the original judgment against Techcrane and in favor of Kennedy Marr specifically enumerated all of the relief to which Kennedy Marr was entitled to.[34] Unlike the original judgment in *Deshotel*, where some of the relief granted (that is, the injunction) was inadvertently left out of the judgment due to a clerical error, see id., this Court's judgment completely and accurately reflected the Court's order and reasons granting summary judgment to Kennedy Marr.[35] Likewise, while the amended judgment in *Deshotel* added

---

[33] R. Doc. No. 57-1, at 5 (citing *Deshotel*, 946 F. Supp. at 457-59).
[34] R. Doc. No. 50.
[35] *See id.*; R. Doc. No. 49.

substantive language that specified further relief, see id. at 458-59, the amended judgment in this case only added clarifying language that did not affect the underlying relief.[36]

Kennedy Marr cites *Kraft v. United States*, 85 F.3d 602 (5th Cir. 1996), in which the U.S. Court of Appeals for the Fifth Circuit stated:

> [W]e agree with all other circuits that have addressed the issue that a motion to reconsider a revised judgment tolls the time for appeal only in instances where the second judgment presents a new significant adverse ruling against the movant which the movant has had no previous opportunity to challenge. . . . '[T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.'

*Id.* at 605-06 (quoting *FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-13 (1952)).

Techcrane objects to the use of *Kraft* because it addresses Rule 4 of the Federal Rules of Appellate Procedure, which Techcrane asserts "is statutorily and conceptually distinct from whether a motion is timely under Rule 59(e) in the trial court."[37] However, "the purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986) (citing *United States v. Dieter*, 429 U.S. 6 (1976)). Furthermore, in *Deshotel*, the case relied on by Techcrane, Judge Vance relied on *Munden*, 849 F.2d 383, which itself is a case that discussed amended judgments in the context of Rule 4 of the Federal Rules of Appellate

---

[36] R. Doc. No. 54.
[37] R. Doc. No. 57-1, at 5.

Procedure. *See Deshotel*, 946 F. Supp. at 459. Such cases are instructive in determining the effect of an amended judgment in other contexts.

The original judgment, rendered "in favor of plaintiff," could not have been rendered against anyone other than the sole defendant in the case, Techcrane.[38] All of the grounds on which Techcrane now seeks reconsideration were established before the original judgment and unaffected by the amended judgment.[39] The Court sees no reason why Techcrane should be granted additional time to file a Rule 59(e) motion because the amended judgment did not "present[] a new significant adverse ruling against the movant which the movant has had no previous opportunity to challenge." *Kraft*, 85 F.3d at 605; *see also Charles*, 799 F.2d at 348 ("The sort of alteration that restarts all periods of time is one that 'changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered.'") (quoting *Minneapolis-Honeywell*, 344 U.S. at 211).

For the above reasons, the Court construes Techcrane's motion pursuant to Rule 60(b). However, for the reasons described below, the Court finds that Techcrane's motion fails pursuant to both Rule 60(b) and Rule 59(e) standards.

**II.     Rule 60(b)**

A Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion. *Lavespere*, 910 F.2d at 174. Rule 60(b) provides for relief from a final judgment, order, or proceeding in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[38] R. Doc. No. 50.

[39] *See* R. Doc. No. 55.

(3) fraud (whether previously called intrinsic or extrinsic),

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting *Wilson v. Atwood Group,* 725 F.2d 255, 257, 258 (5th Cir. 1984)). The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied. *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009). A district court must exercise its sound discretion in deciding a Rule 60(b) motion. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

Clauses (1) through (5) are not raised by Techcrane in its briefs and have no support in the record, leaving only clause (6). The Fifth Circuit has stated, "Although we frequently have recognized that Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations and internal quotation marks omitted). "[F]or a motion under clause (6), the movant must show 'the initial judgment to have been manifestly unjust.'" *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (quoting *Lavespere*, 910 F.2d at 173).

The Court finds that there are no "extraordinary circumstances" present and that the initial judgment was not "manifestly unjust." Moreover, the Fifth Circuit has recently held that

"an attempt to relitigate issues" that have already been decided, even in extraordinary and manifestly unjust circumstances, "fails to satisfy Rule 60(b)(6)'s high burden." *Wanken v. Wanken*, 511 F. App'x 363, 367 (5th Cir. 2013). Techcrane is merely attempting to relitigate issues that were decided against it by this Court on June 27, 2013. Even if Techcrane were correct that the Court's judgment was erroneous, the Court finds that there are no extraordinary circumstances and that such error would not result in manifest injustice. Accordingly, relief pursuant to Rule 60(b) is not warranted.

### III.    Rule 59(e)

Relief is also not warranted pursuant to the more lenient Rule 59(e) standard. A motion to alter or amend judgment filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere*, 910 F.2d at 174.

> A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law.

*Jupiter v. BellSouth Telecommunications, Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La Oct. 5, 1999) (Vance, J.). "The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

Techcrane argues that this Court committed manifest errors of law—that is, that Techcrane's affirmative defense of error should not be waived for lack of compliance with the

pleading requirements in Rule 8(c) of the Federal Rules of Civil Procedure because of the Fifth

Circuit's "longstanding exception to the doctrine of waiver."[40] "Generally, under Rule 8(c)

affirmative defenses must be raised in the first responsive pleading. However, '[w]here the

matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical

failure to comply precisely with Rule 8(c) is not fatal.'" *Pasco ex rel. Pasco v. Knoblauch*, 566

F.3d 572, 577 (5th Cir. 2009) (quoting *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th

Cir. 1983) (per curiam)). "[I]t is left up to the discretion of the trial court to determine whether

the party against whom the unpleaded affirmative defense has been raised has suffered prejudice

or unfair surprise." *Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co.*, 418 F. App'x 327,

330 (5th Cir. 2011).

Techcrane raises this exception for the first time in its motion to reconsider. This Court

may properly decline to consider new arguments or new evidence on reconsideration where

those arguments were available to the movant prior to the order. *Templet v. Hydrochem*, 367

F.3d 473, 478-79 (5th Cir. 2004) ("[S]uch a motion is not the proper vehicle for rehashing

evidence, legal theories, or arguments that could have been offered or raised before the entry of

judgment.") (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see also*

*Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May

14, 2008) (Feldman, J.) ("Rule 59 motions should not be used to relitigate old matters, raise new

arguments, or submit evidence that could have been presented earlier in the proceedings.")

Techcrane does not allege that it raised the exception to the waiver of its error defense

prior to the June 27, 2013 original judgment or the July 10, 2013 amended judgment, and the

---

[40] R. Doc. No. 55-1, at 7 (citing *Allied Chem.*, 695 F.2d at 855). As the Fifth Circuit recently described, "[W]e have recognized a good faith exception to waiver where raising the affirmative defense after the pleadings does not cause undue prejudice . . . ." *Kariuki v. Tarango*, 709 F.3d 495, 508 (5th Cir. 2013).

Court has not found any reference to the claimed exception in any of Techcrane's relevant filings.[41] Accordingly, the Court need not consider this argument, which is raised for the first time in this motion to reconsider.

Given the foregoing evaluation of the record, and considering the "need for finality and the need to render just decisions," *Edward H. Bohlin Co.*, 6 F.3d at 355, the Court finds that Techcrane has not "demonstrate[d] the motion is necessary to correct manifest errors of law or fact upon which the judgment is based." *Jupiter*, 1999 WL 796218, at *1. Just like the plaintiffs in *Arceneaux*, Techcrane has "not presented any new evidence or persuaded the Court that it made *any* errors in its [June 27, 2013] Order and Reasons, let alone the manifest errors of law or fact necessary to entitle a party to alteration or amendment of judgment under Rule 59(e)." 2008 WL 2067044, at *1 (emphasis added). Accordingly, relief pursuant to Rule 59(e) is not warranted.[42]

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, October 18, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[41] See R. Doc. Nos. 33, 34, 43, 44.

[42] Because the Court reaffirms that Techcrane was precluded from asserting its error defense, it need not address the argument that "[t]he Court committed manifest error in ruling that 'Techcrane has no evidence' to support its defense or error." R. Doc. No. 9.